IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action |
| | ) | No. 05-03028-01/02-CR-S-RED |
| PATRICIA MAE ZARITZ and | ) | |
| RICHARD LEE HENDRICKSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendants have filed a Motion to Suppress Evidence, in which they assert that evidence seized as a result of a search of their residence should be suppressed. The United States filed its responses. The matter was set for an evidentiary hearing, which was held before the undersigned on June 19, 2006. Defendant Zaritz was present with counsel, Jason Coatney, and defendant Hendrickson was present with counsel, Gary Collins. The United States was represented by Randall D. Eggert, Assistant United States Attorney.

It is defendants' contention that evidence seized at their residence should be suppressed because the officer seeking the search warrant made false and misleading statements in his affidavit, and because material information was omitted. Specifically, defendant Zaritz asserts that the affidavit states that she had a conviction in Oklahoma for possession of cocaine and possession of a firearm while committing a felony, but that the conviction was actually for possession of a misdemeanor amount of marijuana. Additionally, she asserts that, in regards to a confidential

1

informant in this case, who provided incriminating information about her, defendant Hendrickson, and Charles Wolf, a defendant in a related case, the affidavit did not state that any member of COMET had any experience with the informant. Further, she contends that the affidavit referred to purchases of methamphetamine this informant had made from these defendants in the past, but it did not reveal any details of these purported events. It is also her contention that an audio-taped conversation with Charles Wolf demonstrates that the information provided by the confidential informant was incorrect. Defendant contends that the COMET officer involved in both her case and the Charles Wolf case presented the cases to Judge Lynch at the same time, and that it is patent that the Judge presented in the Wolf affidavit regarding his purchase of methamphetamine from the defendants in this case, which conversation was not on the audio tape.

Defendant Hendrickson also contends that the reliability of the confidential informant was not established. Further, it is asserted that, although the affidavit refers to previous drug buys with defendants and the confidential informant, there are no details provided. Additionally, defendant Hendrickson contends that the attempted controlled buys also demonstrate that the information provided by the informant was incorrect. He also argues that the statement implicating him and Ms. Zaritz is not audible on the audio tape.

The government called Frank Lambrecht of the Cedar County Sheriff's Department. On February 13, 2004, he obtained a state search warrant involving drug activity in Polk County. He was a deputy sheriff at the time, and also worked with the Combined Ozarks Multi-Jurisdictional Enforcement Team ["COMET"]. He received information from a confidential informant regarding defendants being involved with methamphetamine distribution. To establish the reliability of the confidential informant, the officer verified the address given by the confidential informant. He also

checked and confirmed that Ms. Zaritz had some criminal history. Additionally, he set up a controlled buy with the confidential informant at defendants' residence. Officer Lambrecht then drafted the search warrant and affidavit in support of it. He presented the search warrant to Judge Gary Lynch in Polk County, who reviewed and signed it. Defendants' address was provided in the affidavit. The confidential informant had taken them to the residence, and the address provided in the affidavit was the actual mailing address. This is the site that was searched. The officer admitted that there was information regarding defendant Zaritz's prior convictions in the affidavit, including one for a cocaine conviction. It turned out that this information was incorrect.

On cross examination, Officer Lambrecht admitted that he basically misunderstood the NCIC document, which was confusing, and that he erroneously concluded that defendant Zaritz had been convicted of cocaine distribution. In previous testimony, the officer had testified that the confidential informant made the phone call to Ms. Zaritz's home? He went by the farm on February 12, 2004, to locate the residence. When Mr. Britton went back for the alleged controlled buy, he was down the road. Either he or Officer Britton searched the confidential informant, Ms. Hontz. He testified that he never saw a receipt, and he was not aware that she had signed a promissory note with Ms. Zaritz ten days previously. He admitted that the informant had been wearing a wire when she went into Charles Wolf's home, and that an audio tape was made, but he did not think that he listened to the audio tape recording before he signed either affidavit. The officer admitted that the search warrant for Wolf was sought at the same time, that the affidavits were identical until the final two paragraphs, and that they were presented together. It is argued that the judge considered both of them. The Wolf affidavit quoted information from the Zaritz affidavit. In the Wolf affidavit, he recalled that he said that there was not methamphetamine there, but that Wolf would get it later from

3

defendants in this case. He was not aware of the fact that defendants had been investigated before, but not charged. The confidential informant was arrested previously for possession of methamphetamine. He wasn't sure of the exact date. He knew that she wasn't able to purchase methamphetamine from Wolf, and doesn't know why this fact wasn't included in either affidavit.

Upon questioning by defense counsel for defendant Hendrickson, the officer testified that when he gave both affidavits to Judge Lynch, he thought the judge reviewed and signed them at the time. Regarding the confidential informant, he had never worked with her before. To his knowledge, she had never provided any information before. He spoke to Polk County Sheriff's Department officers and the Bolivar Police Department about the defendants. He wanted to know if they'd ever heard of them. They had informants that had information about these defendants. He felt like they'd already established more than enough probable cause by then, and did not ask these officers about the reliability of the confidential informants. The informant in this case did purchase methamphetamine. That part of the investigation was handled by Officer Scott Britton. Regarding how he believed he established the confidential informant's reliability, he checked the address of the residence; talked to the officers in Polk County and in Bolivar; checked defendants' criminal history; and relied on the controlled buy. Officer Lambrecht testified that he did not recall exactly how much methamphetamine the confidential informant was supposed to buy. The point is that there was telephone conversation that she would buy two grams and she bought one. That information was not included in the affidavit, and defendants contend that this could diminish the CI's reliability.

It is clear that the information included in the affidavit in this case was derived from four confidential informants. The reliability of the information they provided was established by a

4

neutral third party. It should also be noted that the information from the four sources was consistent, was based at least in part on first-hand knowledge, and was fairly detailed. Additionally, the officer independently corroborated the information by confirming that defendant had an extensive criminal history.

Pursuant to Franks v. Delaware, 438 U.S. 154 (1978), in a challenge to a search warrant application, defendants must establish "that a false statement was included in the affidavit knowingly and intentionally or with reckless disregard for its truth, and that the affidavit's remaining content is insufficient to establish probable cause." United States v. Roberson, 439 F.3d 934, 939 (8th Cir. 2006). Even if the contested statements are false and misleading, the search warrant may still stand if the statements in question are removed and the remaining statements in the application would support a finding of probable cause to support the search warrant. Id. at 939.

Having fully reviewed the testimony adduced at the hearing as well as the affidavit, the Court finds that there was sufficient information in the affidavit to provide probable cause for issuance of the search warrant in defendants'. Initially, the Court disagrees with the contention that the issuing judge relied on statements in the Wolf affidavit to support a probable cause finding in this case. Other than mere speculation, there is no basis to reach this conclusion. In the affidavit, Officer Lambrecht stated that he had met with a confidential informant on February 12, 2004, who told him that defendants were involved in distributing methamphetamine from their dairy farm at 1544 E. 470th Road, Bolivar, Missouri; the informant told him that an employee of the dairy farm, Charles Wolf, was also distributing methamphetamine for defendants; and the informant stated that he/she had purchased methamphetamine from the three "either directly or indirectly in the past on several occasions and has seen large amounts of methamphetamine in their possession." [Affidavit,

5

at 2]. The affidavit further provided that on the same date, he and COMET Officer Scott Britton met with the confidential informant at a predetermined location where the informant was fitted with a recording device before the individual went to and inside defendants' residence. Defendant Hendrickson was observed leaving the residence, going to one of the outbuildings, and later returning. The confidential informant returned to the vehicle thereafter with approximately a gram of methamphetamine, which the informant stated defendant Zaritz had retrieved from defendants' bedroom. The affidavit further provided that the confidential informant stated that he/she had been to this residence on several occasions, had seen "large amounts of methamphetamine and cash kept in a secret place in a towel shelf in the bathroom." [Affidavit, at 3]. It was also stated that the informant had purchased methamphetamine from defendant Zaritz on several occasions in the past, and that he/she had witnessed other drug transactions at the residence involving both defendants and other known drug users. The affiant further stated that he had checked defendant Zaritz's criminal history, which indicated that she was "arrested and convicted in 1989 for possession of cocaine and possession of a firearm while committing a felony." [Id.].

     A full review of the evidence in this case convinces the Court that defendants have failed to establish that the affidavit contained misstatements and/or omissions, or that the statements made were deliberately false or showed reckless disregard for the truth. Turning first to the allegation that the affidavit erroneously stated that defendant Zaritz had been convicted of cocaine possession, the Court believes that Officer Lambrecht credibly testified that the records upon which he relied in obtaining this information were confusing, and that he made a mistake. The Court has reviewed those documents, and agrees that the records were misleading and confusing, and in fact, that the computer printout of her criminal history did reflect that she had been charged with possession of

6

cocaine with intent to distribute. It cannot be said, accordingly, that the officer made any deliberately false statements on this issue. Even if that part of the affidavit were to be excised, however, there is still sufficient information provided in the affidavit to support a probable cause finding. Regarding the reliability of the confidential informant, it was the officer's testimony that he verified the address that the informant provided, he confirmed that defendant Zaritz had a criminal history, and the informant was involved in a controlled drug buy, in which a gram of methamphetamine was obtained from her. Therefore, it will be recommended that the motion to suppress be denied.

The Court concludes, based on the totality of the evidence, that defendant's assertions are merely speculative, are contradicted by the evidence, and do not raise Fourth Amendment concerns.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendants' Hendrickson and Zaritz Motions to Suppress Evidence be denied.

 /s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: July 21, 2006